IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| RAYMOND DUSSEAU<br>8009 Suder Avenue<br>Erie, Michigan 48133 | )<br>)<br>)<br>) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | )<br>) | |
| v. | )<br>) | **COMPLAINT FOR DAMAGES** |
| MCGAFF'S PAINT PROS, INC.<br>4810 Monroe Street<br>Toledo, Ohio 43623 | )<br>)<br>)<br>) | **JURY DEMAND ENDORSED**<br>**HEREIN** |
| **Serve also:**<br>McGaff's Paint Pros, Inc.<br>c/o Michael S. McGaffey<br>4810 Monroe Street<br>Toledo, Ohio 43623 | )<br>)<br>)<br>)<br>)<br>) | |
| -and- | )<br>) | |
| MICHAEL MCGAFFEY<br>c/o McGaff's Paint Pros, Inc.<br>4810 Monroe Street<br>Toledo, Ohio 43623 | )<br>)<br>)<br>)<br>) | |
| -and- | )<br>) | |
| JASON KROUSE<br>c/o McGaff's Paint Pros, Inc.<br>4810 Monroe Street<br>Toledo, Ohio 43623 | )<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

Plaintiff, Raymond Dusseau by and through undersigned counsel, as his Complaint against

the Defendants, states and avers the following:

**PARTIES AND VENUE**

1. Dusseau is a resident of the state of Michigan.



2. McGaff's Paint Pros, Inc. ("McGaff's") is a domestic corporation with its principal place of business located at 4810 Monroe Street, Toledo, Ohio 43623.

3. Michael McGaffey is a resident of the state of Ohio.

4. McGaffey was at all times hereinafter mentioned, an individual who was a manager and/or supervisor at McGaff's who acted directly or indirectly in the interest of McGaff's.

5. McGaffey was at all times hereinafter mentioned an employer within the meaning of R.C. § 4112.02.

6. Jason Krouse is a resident of the state of Ohio.

7. Krouse was at all times hereinafter mentioned, an individual who was a manager and/or supervisor at McGaff's who acted directly or indirectly in the interest of McGaff's.

8. Krouse was at all times hereinafter mentioned an employer within the meaning of R.C. § 4112.02.

## JURISDICTION & VENUE

9. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Dusseau is alleging a Federal Law Claim under the Fair Labor Standards Act of 1983 ("FLSA"), 29 U.S.C. § 201 *et seq*.

10. All material events alleged in this Complaint occurred in the county of Lucas.

11. This Court has supplemental jurisdiction over Dusseau's state law claims pursuant to 28 U.S.C. § 1367 as Dusseau's state law claims are so closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.



## FACTS

13. Dusseau is a former employee of McGaff's.

14. McGaffey is, was, and during all material events alleged herein, the owner of McGaff's.

15. Krouse is, was, and during all material events alleged herein, a part owner of McGaff's, or a manager at McGaff's.

16. McGaff's hired Dusseau in or about March 2013 as a laborer.

17. Dusseau had never been written up or disciplined in the four years he worked for McGaff's.

18. McGaff's compensated Dusseau at a salary rate of $ 500.00 a week.

19. McGaff's compensated Dusseau at a salary rate of $ 500.00 a week regardless of the amount of hours Dusseau worked a week.

20. McGaff's instructed Dusseau to perform auto body work on cars.

21. McGaff's instructed Dusseau to work between 40 and 70 hours of work a week.

22. As a laborer, McGaff's did not instruct Dusseau to make decisions that would impact the business.

23. McGaff's did not give Dusseau the power to hire or fire employees.

24. During Dusseau's employment, Dusseau retained a detailed log of the amount of hours he worked each week during the years 2016 and 2017, and some of 2015.

25. McGaff's did not compensate Dusseau at a higher rate when Dusseau worked over 40 hours in one workweek.

26. McGaff's knew, or should have known, that Dusseau did not fall under an FLSA exemption.

27. Despite McGaff's knowledge that Dusseau did not fall under an FLSA exemption, McGaff's failed to compensate Dusseau at the proper minimum wage rate.

28. Despite McGaff's knowledge that Dusseau did not fall under an FLSA exemption, McGaff's failed to compensate Dusseau at the proper overtime wage rates.

The Employee's Attorney.™ 

29. As a laborer, McGaff's instructed Dusseau to perform work that was physically strenuous.

30. Upon information and belief, Defendants knew that the position of laborer was physically strenuous.

31. In or about the year 2017, Dusseau went to see his doctor due to a tear in his left rotator cuff.

32. Upon information and belief, a torn rotator cuff is a typical injury incurred while performing duties as a laborer at an auto body shop.

33. When Dusseau went to his doctor for a torn rotator cuff, Dusseau provided McGaffey a note from his doctor.

34. When McGaffey looked at the doctor's note Dusseau provided to him, McGaffey exclaimed, "goddammit, I don't want any workman's comp [sic] people coming in here and dealing with their claims!"

35. McGaffey fostered an environment that pushed employees not to file workers' compensation claims.

36. McGaffey constantly made remarks to employees of how much of a financial hardship workers' compensation claims placed on his company.

37. In or about July 2017, Dusseau began to experience hip pain while at work.

38. Due to the hip pain that Dusseau experienced at work, Dusseau decided to seek medical attention.

39. Dusseau's hip pain constituted a physical impairment.

40. Dusseau's condition substantially limited one or more of his major life activities including working.

41. In the alternative, Defendants perceived Dusseau as being disabled.

42. Defendants perceived Dusseau's condition to substantially limit one or more of his major life activities including working.



43. Defendants treated Dusseau differently than other similarly-situated employees based on his disabling condition.

44. Defendants treated Dusseau differently than other similarly-situated employees based on his perceived disabling condition.

45. Despite Dusseau's hip pain, Dusseau was capable of performing his essential job duties.

46. After Dusseau sought medical attention, Dusseau's doctor cleared him to return to work.

47. Dusseau's doctor advised Dusseau that he should take July 6, 2017 off work, as well as the next few days following July 6, 2017.

48. Dusseau's doctor advised Dusseau that after taking July 6, 2017 and the next few days off work, that Dusseau would be able to return to work without restriction.

49. Dusseau provided his doctor's note advising that he should take time off work to Krouse.

50. Once Dusseau was able to return to work, Dusseau called Krouse to advise Krouse that he was able to return to work.

51. Krouse advised Dusseau that he was not permitted to return back to work at McGaff's.

52. Dusseau asked Krouse whether he still had a job at McGaff's.

53. Krouse advised Dusseau that he no longer had a job at McGaff's.

54. Krouse advised Dusseau that Dusseau should come to McGaff's to pack up all of his belongings.

55. Defendants terminated Dusseau on or about July 17, 2017.

56. Defendants terminated Dusseau one week after he disclosed hip pain to Defendants.

57. Defendants terminated Dusseau one week after Dusseau took time off work to take care of his hip pain.

58. Defendants terminated Dusseau due to his disability.

59. Defendants terminated Dusseau due to his perceived disability.



60. Defendants terminated Dusseau in fear that he suffered an on the job injury, and that he would file a worker's compensation claim.

## COUNT I: MINIMUM WAGE VIOLATION OF THE FAIR LABOR STANDARDS ACT

### (Against Defendant McGaff's)

61. Dusseau restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

62. During all times material to this Complaint, Dusseau was not exempt from receiving minimum wage under the FLSA because, *inter alia*, he was not an "executive," "computer," "administrative," or "professional" employee, as those terms are defined under the FLSA. See 29 C.F.R. §§ 541.0, et seq.

63. During all times material to this Complaint, Defendants failed to pay Dusseau the proper minimum wage rate or for all hours worked as prescribed by 29 U.S.C. § 206.

64. During all times material to this complaint, Defendants knew that Dusseau was not exempt from the minimum wage obligations imposed by the FLSA.

65. During all times material to this complaint, Defendants knew that they were required to pay Dusseau at least the applicable minimum wage for all hours worked.

66. Despite Defendants' knowledge of the applicable FLSA laws, Defendants willfully withheld and failed to pay the minimum wage to which Dusseau was entitled.

67. In violating the FLSA, Defendants acted willfully, without a good faith basis and in reckless disregard of clearly applicable FLSA provisions.

68. As a direct and proximate cause of McGaff's conduct, pursuant to 29 U.S.C. § 216(b), McGaff's is liable to Dusseau for the full amount of the required minimum wage rate, an additional equal amount as liquidated damages, as well as costs and reasonable attorney fees.

The Employee's Attorney.™ 

## COUNT II: OVERTIME WAGE VIOLATION OF THE FAIR LABOR STANDARDS ACT

### (Against Defendant McGaff's)

69. Dusseau restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

70. During all times material to this Complaint, Dusseau was not exempt from receiving overtime wages under the FLSA because, *inter alia*, he was not an "executive," "computer," "administrative," or "professional" employee, as those terms are defined under the FLSA. See 29 C.F.R. §§ 541.0, et seq.

71. During all times material to this Complaint, Defendants violated the FLSA with respect to Dusseau by, *inter alia*, failing to compensate him at time-and-one-half his regular rate of pay for any hours worked in excess of forty (40) hours per workweek.

72. During all times material to this complaint, Defendants knew that Dusseau was not exempt from the overtime wage obligations imposed by the FLSA.

73. During all times material to this complaint, Defendants knew that they were required to pay Dusseau at least the applicable overtime wage compensation at a rate of one and one-half his respective regular rates for hours worked in excess of forty (40) hours per workweek.

74. Despite Defendants' knowledge of the applicable FLSA laws, Defendants willfully withheld and failed to pay overtime wage compensation to which Dusseau was entitled.

75. In violating the FLSA, Defendants acted willfully, without a good faith basis and in reckless disregard of clearly applicable FLSA provisions.

76. As a direct and proximate cause of McGaff's conduct, pursuant to 29 U.S.C. § 216(b), McGaff's is liable to Dusseau for the full amount of the required overtime wage rate, an additional equal amount as liquidated damages, as well as costs and reasonable attorney fees.



## COUNT III: WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Against all Defendants)

77. Dusseau restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

78. A clear public policy exists and is manifested in Ohio statutes and/or administrative regulations, or in the common law, against terminating an employee to avoid a Workers' Compensation claim.

79. A clear public policy exists and is manifested in Ohio statutes and/or administrative regulations, or in the common law, against terminating and/or retaliating against an employee because he/she engages in protected activity under Ohio law.

80. Specifically, in *Sutton v. Tomco Machine*, the Ohio Supreme Court noted "we recognize a common-law tort claim for wrongful discharge in violation of public policy when an injured employee suffers retaliatory employment action after an injury but before he or she files, institutes, or pursues a workers' compensation claim." (*Sutton v. Tomco Machine*, 129 Ohio.St. 3d 153, 163 (2011)).

81. Defendants' termination of Dusseau jeopardizes these public policies.

82. Defendants' termination of Dusseau was motivated by conduct related to these public policies.

83. Defendants had no overriding business justification for terminating Dusseau.

84. As a direct and proximate result of Defendants' conduct, Dusseau has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages



## COUNT IV: DISABILITY DISCRIMINATION

### (Against all Defendants)

85. Dusseau restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

86. Dusseau suffers from hip pain.

87. Dusseau's condition substantially impaired one or more of his major life activities including working.

88. Dusseau is disabled.

89. In the alternative, Defendants perceived Dusseau as being disabled.

90. Defendants perceived Dusseau's condition to substantially impair one or more of his major life activities including working.

91. Defendants treated Dusseau differently than other similarly-situated employees based on his disabling condition.

92. Defendants treated Dusseau differently than other similarly-situated employees based on his perceived disabling condition.

93. On or about July 17, 2017, Defendants terminated Dusseau's employment without just cause.

94. Defendants terminated Dusseau's employment based on his disability.

95. Defendants terminated Dusseau's employment based on his perceived disability.

96. Defendants violated R.C. §4112.02 when it discharged Dusseau based on his disability.

97. Defendants violated R.C. §4112.02 when it discharged Dusseau based on his perceived disability.

98. As a direct and proximate result of Defendants' conduct, Dusseau suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

The Employee's Attorney.™ 

## **DEMAND FOR RELIEF**

WHEREFORE, Dusseau demands from Defendants the following:

(a) An award against each Defendant of compensatory and monetary damages to compensate Dusseau for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(b) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(c) An award of reasonable attorneys' fees and non-taxable costs for Dusseau's claims as allowable under law;

(d) An award of the taxable costs of this action; and

(e) An award of such other relief as this Court may deem necessary and proper.

    Respectfully submitted,

    /s/ *Daniel S. Dubow*
    Fred M. Bean (0086756)
    Daniel S. Dubow (0095530)
    **THE SPITZ LAW FIRM, LLC**
    25200 Chagrin Boulevard, Suite 200
    Beachwood, OH 44122
    Phone: (216) 291-4744
    Fax:   (216) 291-5744
    Email:  fred.bean@spitzlawfirm.com
           daniel.dubow@spitzlawfirm.com

    *Attorneys For Plaintiff*



## JURY DEMAND

Plaintiff Raymond Dusseau demands a trial by jury by the maximum number of jurors permitted.

/s/ *Daniel S. Dubow*
Fred M. Bean (0086756)
Daniel S. Dubow (0095530)
**THE SPITZ LAW FIRM, LLC**



11